**[J-40-2018] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| IN RE: FORTIETH STATEWIDE INVESTIGATING GRAND JURY | : | No. 45 WM 2017 |
| | : | |
| | : | |
| | : | Appeal from the Order of the Supervising Judge of the Fortieth Statewide Investigating Grand Jury entered on 6/15/17 at Allegheny County No. CP-02-MD-0000571-2016 |
| PETITION OF: DIOCESE OF HARRISBURG AND DIOCESE OF GREENSBURG | : | |
| | : | |
| | : | |
| | : | |
| | : | ARGUED: May 15, 2018 |

**CONCURRING OPINION**

**JUSTICE BAER**                                        **DECIDED: AUGUST 21, 2018**

I join the erudite Majority Opinion. I write only to voice my concern with one aspect of its expression. Atypically, the Majority twice invokes this Court's "supervisory authority" to mandate substantive modifications to the entry of appearance form under scrutiny. We do not often invoke our superintendence of the judiciary as justification for a *sua sponte* form change, and I have no recollection of the Court ever employing this precept to alter a form (or rule) within an opinion. Rather, our normal protocol is to refer the underlying issue to the appropriate committee and permit it to consider adjustments through its customary process. Notably, in this regard, we presently have an *ad hoc* committee reviewing all aspects of Pennsylvania's grand jury practice.

Be this as it may, I can abide by the Majority's invocation of our supervisory authority and employment thereof in an opinion to alter the subject entry of appearance form in two substantive aspects so long as it is understood that the use of this

methodology does not alter the inherent ability of our various committees, including the *ad hoc* grand jury study group, to modify the form as statutory changes, caselaw, or other superseding factors would require. While the Majority does not say this, it does not suggest anything to the contrary.

Accordingly, I write to clarify that I view the Majority Opinion's modification of the entry of appearance form to resolve the case before us as in no way precluding or, indeed, discouraging, necessary variations now or in the future as recommended by any appropriate Court committee, including the *ad hoc* committee studying grand jury practice. This understanding would be as of course if the Court had made these adjustments upon a committee's recommendation. The Majority's invocation of our supervisory powers and employment of an opinion to make these alterations should not alter this typical process for rule and form variations.

Chief Justice Saylor and Justices Todd, Dougherty and Mundy join this concurring opinion.